Justus H. Sweet

*vs.*

The County Commissioners of Carver County.

Payment to the bearer by the county treasurer of county orders, payable to a person named therein or bearer, when such payment is made in good faith and without knowledge of defect in the bearer's title, exonerates the county from liability on such orders, though such payment be made after the orders are dishonored.

Notice of loss of such orders, to be effectual to save the rightful owner's rights, should be brought home to the county treasurer.

This action was brought in the district court for Carver county, to recover the amount claimed to be due to the plaintiff from the defendant upon certain orders drawn by the defendant upon the treasurer of Carver county, and payable to the persons named therein or bearer. Upon a trial by the court, without a jury, it appeared that some time in the year 1862, the plaintiff was the owner of the orders in question, and deposited the same with his brother, for safe keeping; that upon his brother's death, on the 12th June, 1865, the plaintiff made search for the orders, but was unable to find any of them among the effects of the deceased or elsewhere; that he thereupon, and about July 4, 1865, caused a notice of his loss of the orders to be published in the St. Paul Pioneer, and gave a similar notice to the county auditor, but there was no evidence that the county treasurer had notice that the specific orders mentioned in the complaint were claimed or owned by the plaintiff at the time the same

were paid. That the orders had been paid to persons hold-ing them, at various times prior to August 5, 1865.

Upon these facts judgment was rendered for the defendant and the plaintiff appeals.

John H. Brown for Appellant.

Frank Warner and Jos. Weinmann for Respondent.

*By the Court.*—Berry, J.—*Sec.* 147, *ch.* 8, *Gen. Stat.*, enacts that "the county treasurer, when any order drawn on him as treasurer * * * is presented for payment, shall, if there is money in the treasury for that purpose, redeem the same." The county orders to which this action relates were, upon their face, made payable to the parties to whom they were issued, *or bearer*, by the county treasurer, out of any moneys in the treasury, not otherwise appropriated. They were, therefore, by their own terms transferable by delivery. And as they directed the treasurer to pay the sums therein named to the parties to whom they were is-sued, or bearer, and in this form were delivered and accepted, the treasurer was, by the express terms of the contract evi-denced by them, authorized to pay the sums named therein to the bearer thereof. And under the statute, it was the treasurer's *duty* to pay such orders to the *bearer*—the per-son *presenting* them—unless he, the treasurer, had notice that such person had no authority to receive payment thereon. The only notice given of the alleged loss by the plaintiff of the orders in question was by advertisement in a newspaper, and notice to the county auditor, neither of which are shown to have reached the county treasurer, who is by law the officer to whom orders are to be presented, and by whom they are to be paid, and therefore, the officer to whom notice should have been given.

The finding of the court below is not altogether clear, explicit and satisfactory; but we gather from the finding, taken as a whole, that all the county orders upon which the plaintiff seeks to recover, had been paid to some person or persons before this action was instituted. Nothing appearing to show that the treasurer, at the time of payment, had any notice or knowledge that the bearer—the person presenting the orders—was not the rightful owner thereof, or authorized to receive the money on them, and the presumption being here, as in other cases, that the treasurer, as a public officer, performed his duty, and therefore that he acted in good faith in paying the orders, we are of opinion that the county is exonerated from further liability thereon. Any other rule would, as it seems to us, be practically intolerable.

We think the statute and the form of the orders decisive upon the question considered. Nor do we perceive how the result would be affected, if it be admitted that the orders in this case were dishonored.

It was just as much the duty of the treasurer to pay them after, as before, their dishonor. In both cases there is the same reason why the payment should be effectual, if he paid them in good faith. So far as the analogies of the law of negotiable notes and bills are of any value in this case, they support the view taken. If the *maker* of a note or bill indorsed in blank, or payable to bearer, in good faith pays the same to the holder, though after maturity, the payment exonerates the maker from further liability, though it should turn out that such holder was not the rightful owner of the note or bill, nor authorized to receive payment thereupon. *Story Prom. Notes, sec.* 386 ; *Edwards on Bills and Notes,* 537, 538.

Judgment affirmed.