## OLUF GANDRUD AND C. A. LARSON, AS TRUSTEES OF THE TRUSTEED ASSETS OF SWIFT COUNTY BANK, INC., v. PAUL G. BREMER.[1]

May 11, 1945.

No. 33,936.

[1]Reported in 18 N. W. (2d) 687.

*Cummins & Cummins* and *Thorwald Hansen,* for appellant.

*Frank A. Barnard* and *George L. Barnard,* for respondents.

Loring, Chief Justice.

This was a suit to recover $540 and interest from the defendant. It was in the nature of an accounting and was tried before the court without a jury. Findings of fact and conclusions of law were made in favor of plaintiffs, and defendant comes here on appeal from an order denying his motion for a new trial.

This case is a sequel to Gandrud v. Hansen, 210 Minn. 125, 297 N. W. 730, to our opinion in which reference is made for a statement of the preliminary facts. It is necessary, however, to supplement the facts therein stated by a short statement of the occurrences that led up to this lawsuit. The property involved in the prior Gandrud case was subject to three mortgages, the first of which, together with an assignment of the rents as additional security, had been assigned to defendant. In that case, he was held to be a mortgagee in possession and entitled to retain possession and collect the rents, which it was his duty to apply upon the debt secured by the first mortgage. It was held that the subsequent lienholders were entitled to have such application made. The second mortgage was foreclosed, and the then owner of the fee claimed the right, during the year of redemption, to collect the rents from the property for himself, and he refused to turn them over to Bremer. The plaintiffs, as holders of the third mortgage, which they foreclosed, redeemed from the second mortgage and sought to pay and get a satisfaction of the first mortgage. In seeking the satisfaction, they demanded of Bremer an accounting of the rents and of the amount remaining due on the first mortgage. In the negotiations which followed the suit, Bremer refused to credit them with the $540 which the former fee owner had col-

12

lected during the year of redemption from the foreclosure of the second mortgage. It is this $540 that is involved in this lawsuit. Plaintiffs claim that it was Bremer's duty to collect it and credit it on the first mortgage debt. There was no deception used by Bremer in the transaction under which plaintiffs sought to pay up and cancel the first mortgage. He fully disclosed the facts, and plaintiffs knew that the former fee owner had collected the rents for himself and had refused to turn them over to Bremer. There is no element of mistake with regard to the accounting or as to the amount required to satisfy the mortgage. There was merely a bona fide dispute as to Bremer's responsibility for the rent collected by the fee owner. Plaintiffs, knowing all the facts and Bremer's contention that he was not responsible for the rents paid to the fee owner, paid Bremer the amount he claimed due on the first mortgage, giving plaintiffs no credit for the $540.

The court found:

"That in order to obtain a satisfaction of said first mortgage and to *stop the accumulation of interest* thereon, plaintiffs paid to the defendant the amount so shown on said statement, and obtained a satisfaction and discharge of said mortgage, without having any application of the rentals so collected and retained by Thorwald Hansen.

\* \* \* \* \*

"That the defendant failed to collect the rentals involved in this action under the honest but erroneous belief that he was not entitled to the same." (Italics supplied.)

It concluded that plaintiffs were entitled to recover the $540.

With this conclusion we cannot concur. As held in the prior Gandrud case, 210 Minn. 125, 297 N. W. 730, it was Bremer's duty as mortgagee in possession to collect and apply the rents on his mortgage "until fully paid," but there was no element of fraud or mistake involved in the transaction in which plaintiffs settled with Bremer. They dealt with him with open eyes, knowing his contention and all the facts. Their contention and the court's

finding that the payment was made to stop the accumulation of interest offers no ground for relief. The authorities are unanimous that a tender of the whole amount then actually due Bremer (the debt secured by the first mortgage was past due) would have stopped the running of interest and would have preserved their rights. Peugh v. Davis, 113 U. S. 542, 5 S. Ct. 622, 28 L. ed. 1127; Knollenberg v. Nixon, 171 Mo. 445, 72 S. W. 41, 94 A. S. R. 790; Shields v. Lozear, 34 N. J. L. 496, 3 Am. R. 256.

By keeping the tender good, they would have been entitled to equitable relief. Balme v. Wambaugh, 16 Minn. 106 (116). Since this was a disputed account, the transaction amounted to a compromise and settlement. Dillon's Estate, 269 Pa. 234, 111 A. 919; Staley v. Nazarenus, 86 Colo. 326, 281 P. 358. It was a final and conclusive determination of the controversy as to the amount due. C. M. & St. P. Ry. Co. v. Clark, 178 U. S. 353, 20 S. Ct. 924, 44 L. ed. 1099; Sweeny v. United States, 17 Wall. 75, 21 L. ed. 575. Therefore, plaintiffs are not in a position to recover.

Reversed with directions to enter judgment for appellant.

[1]Reported in 18 N. W. (2d) 681.