Paul HJELM et al., Respondents,

v.

Roger BERGMAN, Appellant.

No. 48168.

Supreme Court of Minnesota.

Dec. 1, 1978.

Rehearing Denied Jan. 3, 1979.

Stephen D. Radtke, Shakopee, Stringer, Donnelly, Courtney, Cowie & Rohleder and Owen L. Sorenson, St. Paul, for appellant.

Johnson, Erickson, Wagner & Krostad, Cambridge, for respondents.

Heard before TODD, SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

## OPINION

TODD, Justice.

Paul and Lucille Hjelm entered into an informal written agreement with Roger Bergman to purchase 10 acres of property, including a house and buildings thereon, for the sum of $28,000. The 10-acre tract was a part of 700 acres owned by Bergman, who was to have the property surveyed. The 10-acre tract was not segregated for tax purposes. Subsequently, the Hjelms and Bergman entered into a new contract for deed which provided for a purchase price of $32,000, with a final payment due September 1, 1976. The payment was not made when due and notice of cancellation was served. The trial court found cure of the default by tender of payment and it ordered performance of the contract with provision for certain adjustments between the parties as to payment of real estate taxes and interest due Bergman. We affirm as to the tender of payment so as to preclude cancellation of the contract. We reverse and remand as to the adjustments involving certain payments.

On March 24, 1971, the Hjelms entered into an agreement to purchase 10 acres of rural property from Bergman located in Isanti County, Minnesota, for the sum of $28,000. The property had a home and outbuildings on it and was part of a 700-acre tract owned by Bergman. The parties were not represented by attorneys. There was no legal description available, but Bergman was to provide a legal description and survey by May 1, 1971. The Hjelms were to pay the last half of the 1971 real estate taxes estimated to be $135, and real estate taxes due and payable thereafter. The Hjelms also were to make payments on the principal, with the entire balance due 5 years from the date of the contract. No rate of interest was provided in the agreement. The evidence supports the finding of the trial court that the Hjelms attempted to pay the real estate taxes during the ensuing years but could not since Bergman did not provide a legal description which would permit severance of the property for tax purposes.

On September 13, 1975, the parties executed a formal contract for deed which provided for a purchase price of $32,000, payable at the rate of $250 per month, with interest at 8-percent per annum. The entire balance was due and payable on September 1, 1976. The Hjelms agreed to pay all taxes due and payable in the year 1971 and in subsequent years. The Hjelms claim they were coerced into entering this contract at the higher sale price.

The Hjelms did not make the final payment when due on September 1, 1976, and Bergman caused a notice of cancellation of contract to be served by the sheriff on September 7, 1976. The notice stated "The remaining balance plus accrued interest in the sum of $31,606.52 including interest, which was due and payable on September 1, 1976, remains unpaid." There was no request for payment of attorneys fees. There was a request for payment of costs of service but no amount was stated. The Hjelms then commenced an action to enjoin the cancellation proceedings and reinstate the original 1971 contract on the grounds that the 1975 contract was executed under duress. The injunction was refused.

On October 6, 1976, the Hjelms, with assistance of counsel, attempted to deliver payment of $31,606.52 to Bergman upon condition that he deliver a warranty deed to the property and furnish an abstract showing marketable title. Bergman could not be located, so the money was deposited on October 7, 1976, with the clerk of court pursuant to statute. The cashier's check was made payable "In Trust for Roger Bergman" and the clerk was instructed not to deliver the check to Bergman absent written instructions from the Hjelms' attorney that he had received the deed and abstract.

Bergman filed the notice of cancellation and an affidavit of failure to comply with the notice. The pleadings in the suit for injunction were expanded to include a demand for delivery of the deed and abstract and a determination that there had been a proper tender of payment during the period of redemption. At trial, the parties stipulated that the amount of real estate taxes computed at a nonhomestead rate on the 10-acre tract for the years 1971 through 1975 was $2,074.88, plus accrued interest of $643.04, making a total of $2,717.92. The Hjelms had paid the taxes in 1976. The parties further stipulated that the balance due on the September 13, 1975, contract for deed as of September 1, 1976, was $31,606.52, and that interest would accrue thereon at the rate of $210.71 per month. The trial court found that there had been a proper tender of payment so as to preclude the cancellation of the contract. The trial court also found that the Hjelms were obligated to pay $1,358.96 real estate taxes and $1,264.26 interest to date of February 28, 1977. Bergman's motion for amended findings was denied and appeal was taken by Bergman from this order. The parties have by stipulation withdrawn the original cashier's check on deposit with the clerk of court and substituted one in the amount of $34,229.74.

The issues are:

(1) Is a conditional tender of the amount specified in a notice of cancellation sufficient to preclude cancellation where the amount represents the final payment and the tender is conditioned upon delivery of a warranty deed and abstract showing marketable title?

(2) Did the trial court err in changing the stipulated amount of taxes owed by the Hjelms?

(3) May interest on payment due on a contract for deed be awarded after the date of tender where there is pending litigation in which it is claimed that the contract for deed is void?

(4) Was there effective service of the notice of cancellation on plaintiff Lucille Hjelm where she had actual knowledge of the cancellation but only one copy of the notice was served personally on her husband?

■ 1. The evidence in this case more than adequately supports the finding of the trial court that the tender of payment by the Hjelms on October 6, 1976, precludes

the cancellation of the contract. We find no merit in Bergman's claim that the amount tendered must include the costs of service of the notice of cancellation. The amount of these fees was not specified in the notice, although the printed form did state that payment of the costs of service was required. The vendees remain obligated to pay these fees, but where the amount is not stated in the notice, payment is not a condition of curing the default. Had the amount been stated in the notice, it would have had to be included with the tender. Cases indicating that the amount due need not be specified can be distinguished because they involved amounts due under the terms of the contract and the vendee was presumed to know the terms of the contract. See, *First National Bank, Northfield, v. Coon,* 143 Minn. 262, 173 N.W. 431 (1919) (dictum); *Hage v. Benner,* 111 Minn. 365, 127 N.W. 3 (1910). Such is not the case with costs of serving a notice of cancellation because the vendee cannot be presumed to know such amounts.

Bergman contends that there cannot be a conditional tender of payment. In this case, the conditions imposed were the delivery of a warranty deed and an abstract showing marketable title. These conditions were concurrent contractual obligations of Bergman which he had to satisfy in order to be entitled to the final payment. The Hjelms properly demanded Bergman's compliance with these conditions.

Bergman also challenges the form of the check as being nonnegotiable. Without deciding the negotiability of the check, we find no evidentiary basis for his contention that only a negotiable check could cure the default. Finally, he argues the tender was improper because it did not include the interest up to the time of tender. The notice did not specify this as a condition of cure. The vendee may remain liable for this interest, but the failure to tender it does not preclude redemption when payment is not specified as a condition of cure.

We conclude the tender was sufficient to cure the defaults specified in the notice of cancellation.

2. The terms of the contract for deed required that the Hjelms pay the taxes. They had not paid the taxes, perhaps in part because Bergman did not separate the 10-acre parcel for tax purposes. The parties stipulated to the amount of taxes and interest thereon, but the trial court allowed Bergman to recover only one-half of the stipulated amount. The trial court had inquired during trial as to the inability of the Hjelms to homestead the property because of Bergman's failure to provide a separate legal description. Apparently the decision to reduce the taxes reflected an attempt to equitably adjust the tax liability to reflect a lower homesteaded amount. We have examined the record and find no evidentiary basis for such an adjustment. Therefore, we reverse that part of the trial court's judgment which allowed Bergman only $1,358.96 for taxes and hold that he is entitled to the entire $2,717.92.

3. The trial court awarded interest on the final payment from the time it was due, September 1, 1976, until February 28, 1977, the approximate date when the trial concluded. There were stipulations by the parties as to what dollar amount would constitute 6-months' interest, but no agreement was made that this amount was due. Because we have determined that payment of the balance due was properly tendered on October 6, 1976, interest would cease on that date. E. g., *Gandrud v. Bremer,* 220 Minn. 10, 18 N.W.2d 687 (1945). The pendency of litigation attacking the validity of the contract does not preclude the application of this rule since Bergman could have performed his obligations under the contract for deed, received his payment, and not have prejudiced any rights he had in defense of such litigation.

4. The plaintiffs, Paul and Lucille Hjelm, requested that this court review the issue of whether Lucille Hjelm was effectively served with the notice of cancellation. Having concluded that the default under the contract was cured, we need not address the issue.

The matter is remanded to the trial court with instructions to enter judgment consistent with this opinion.

Affirmed in part; reversed in part.

OTIS, J., took no part in the consideration or decision of this case.