Ronald T. AUNE, Respondent,

v.

Edward V. BONA, Appellant.

No. 51311.

Supreme Court of Minnesota,
En banc.

May 15, 1981.
Rehearing Denied June 29, 1981.

Stanton T. Rosen, Golden Valley, for appellant.

Webster, Baldwin & Williams and J. Richard Baldwin, St. Paul, for respondent.

SIMONETT, Justice.

Defendant Edward V. Bona, as vendor, cancelled his contract for deed to plaintiff Ronald T. Aune, owner of the vendee's interest. Claiming good faith efforts to cure the contract defaults within the 30-day period, Aune sued to reinstate the contract. The trial court ordered reinstatement and defendant Bona appeals from the judgment and order denying a new trial. We reverse. Bona also challenges the trial court's award of damages for conversion of personal property. On this issue, we affirm.

On February 24, 1976, Bona sold a multiple dwelling in south Minneapolis on a contract for deed. He also, by bill of sale, sold personal property in the building consisting of four stoves, four refrigerators, furniture and maintenance equipment. The vendee subsequently quitclaimed his interest in the real estate to Aune, an experienced investor in contracts for deed, at the same time orally transferring the personal property to him.

In September 1977 Bona served a notice of cancellation of contract for deed on Aune specifying default in four respects: (1) failure to make the September 1976 monthly

payment, (2) failure to make the September 1977 monthly payment, (3) failure to pay the first half of the taxes due in 1977, and (4) failure to pay insurance premiums and to keep the premises insured. Aune responded promptly within a few days. He mailed Bona checks for the September 1977 payment as well as for the upcoming October payment; in his letter of transmittal he pointed out the September 1976 payment had been made (which was true) and that he had, that day, sent a check for $210.24 to Allstate Insurance Company for the insurance premium and a check for $983 for the full year's taxes.

A few days later, Aune left on his annual hunting trip. During his absence Bona, by certified letter, returned the two installment checks as an incomplete tender, requesting resubmission of the checks along with proof of payment of both the taxes and insurance. The letter came back to Bona unclaimed. Also, in early October, the Hennepin County Finance Division returned Aune's tax payment because the amount had been incorrectly calculated. Although the amount sent was more than sufficient to pay the first half of the taxes, it was $158.25 short for the entire year. Aune arrived home on or shortly prior to the last day of the 30-day period, but he did not open his mail until sometime in November and, therefore, was unaware his effort to pay the taxes had been unsuccessful. In addition, although Aune says he mailed the check to Allstate, he never received an insurance policy and he never received a cancelled check for the payment of the premium.

On October 31, 1977, after expiration of the 30-day period, Bona went to the Hennepin County Government Center, inquired about the tax status of the property, and learned that the full year's taxes were unpaid. Believing that he had recovered the property by means of the cancellation, he paid the taxes. He also bought insurance. In early November Aune sent some workers to the premises to make repairs. They were advised by a tenant that Aune no longer owned the property. Later that month Bona sold the real estate and the personal property to a third party.

The following July Aune commenced this suit for a declaratory judgment reinstating the contract for deed. The court found the facts to be substantially as here recited. The court found that Aune's efforts to cure the deficiencies were in good faith and that Aune was ready, willing and able to remedy the conditions of default during the 30-day period, although, in fact, the default had not been cured. On these findings, the trial court concluded, with "some uneasiness," that equity would relieve the vendee from strict application of the statute. Although plaintiff's complaint made no claim for the loss of personal property, and Bona objected to evidence on the claim, the trial judge also ruled that Bona had converted the personalty and owed Aune its reasonable value of $3,000.

Minn.Stat. § 559.21 (1976) provides that a contract for deed terminates 30 days after personal service of notice of cancellation unless the vendee, within that time period, complies with the specified conditions in default. The statute has a double purpose: to ameliorate the harsh common-law rule which permitted a peremptory forfeiture upon default by providing a grace period; and also to remove grounds for uncertainty or controversy with respect to property ownership by prescribing a definite procedure for termination. *Graceville State Bank v. Hofschild*, 166 Minn. 58, 62, 206 N.W. 948, 949 (1926).

In balancing this double purpose, we have, on occasion, resorted to equity. Thus, we have enjoined a vendor from implementing his cancellation proceedings where prior thereto the vendee had commenced a fraud action for damages to apply on the purchase price. *Follingstad v. Syverson*, 160 Minn. 307, 200 N.W. 90 (1924). Also, we have held a vendor may waive the right to cancel by his conduct during or even after the redemption period. *Jandric v. Skahan*, 235 Minn. 256, 50 N.W.2d 625 (1951). And our application of waiver has been broad. For example, it is clear Aune's tender of the check for the past due installment was suf-

ficient substituted performance as to that condition of default. *Hjelm v. Bergman,* 275 N.W.2d 568 (Minn.1978). If Bona had retained the check, he would have run the risk of having waived compliance with the other conditions of default, nonpayment of taxes and insurance. *Odegaard v. Moe,* 264 Minn. 324, 119 N.W.2d 281 (1962) (retention by vendors of payment made to them to cure part of the default constituted a waiver of cancellation, even though the second condition of default, payment on a first mortgage, was not cured).

While equity will, in appropriate cases, intervene to avoid the harshness of forfeiture, this is not such an appropriate case. The vendee, an experienced investor, through his own lack of diligence, failed to pay the taxes and insurance. If it is said he acted in good faith, the same can be said of the vendor. Bona was not required to accept as proof of compliance the vendee's bare assurance that the checks for the taxes and insurance were in the mail. There was no conduct on the part of the vendor that misled the vendee, took undue advantage, or which could be construed as a waiver. Indeed, Bona promptly rejected the incomplete tender and explained why he was rejecting it. Aune has no one but himself to blame for failing to cure the conditions of default. Since neither statutory objective would be served by adopting Aune's position, we reverse the decision reinstating the contract.

Bona challenges the trial court's award of damages for conversion of the personalty, since the complaint did not make a claim for such damages and Bona objected at trial to receipt of evidence on the claim. Our reading of the record indicates that consideration of the claim by the trial court was permissible under Minn.R. Civ.P. 15.02. Furthermore, since Bona admitted converting the property, the most that he could achieve on retrial would be to contest the $3,000 reasonable value figure. No such contradictory evidence was offered to the trial court or made a part of the record. We find no basis for prejudice and affirm this portion of the judgment.

Reversed in part, affirmed in part.