## EXTRAORDINARY LEARNING AND EDUCATIONAL COMPLEX/MINNEAPOLIS COMMUNIVERSITY, INC., Respondent,

v.

## NEW BETHEL BAPTIST CHURCH, Appellant.

### No. C3–88–639.

Court of Appeals of Minnesota.

Oct. 4, 1988.

David Wexler, Wexler Law Firm of Minnesota, St. Louis Park, for respondent.

Leon A. Trawick, Trawick & Smith, P.A., Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a judgment in an unlawful detainer action ordering issuance of a writ of restitution in favor of respondent ExtraOrdinary Learning and Educational Complex/Minneapolis Communiversity, Inc. We affirm.

### FACTS

On April 30, 1979, appellant New Bethel Baptist Church and respondent executed a contract for deed for the sale of property owned by respondent for the sum of $85,-000. The property involved was registered land. Among other provisions the contract required that it be "accompanied by an abstract evidencing good title in [respondent] at the date hereof." Also the contract specified monthly payments of $681.50 through April 27, 1984, at which time a balloon payment of $49,080 was due.

Appellant did not make the balloon payment but continued to make the specified monthly payments through July 1987. Appellant then discontinued all payments.

On September 5, 1987, respondent served a notice of cancellation of contract for deed on appellant. The balance due on that date was $39,938.63. Under Minn.Stat. § 559.21, subd. 1c (1986) appellant then had 60 days to tender all amounts due. It is conceded this 60 day period expired on November 4, 1987.

On November 4, 1987, appellant attempted to finalize a loan for the payment of the contract for deed. Appellant learned it would be necessary to determine the marketability of title in order to secure the loan.

Several calls were made to respondent's attorney in an attempt to discuss the matter. Appellant was unable to reach respondent's attorney, but appellant did learn that the attorney's office closed at 5 p.m. Prior to the time of expiration, appellant did not ask to examine title documents or request that respondent supply a warranty deed to the property.

At approximately 5:15 p.m. on November 4, 1987, appellant attempted to deliver a letter and photocopies of two cashier's checks to respondent's attorney. As his office was closed, appellant gave these documents to a security guard in the building.

On November 5, 1987, respondent's attorney actually received the letter and photocopies of the checks. The letter from appellant's attorney indicated that payment of these checks was conditioned upon examination of title. The photocopies of the checks showed that the checks were made payable to both respondent and appellant. Also on November 5, 1987, appellant filed the actual checks with the district court and obtained an ex parte order restraining the cancellation of the contract. The district court dissolved the restraining order on November 10, 1987, when it determined that the statutory redemption period had run and that it lacked jurisdiction to restrain the contract cancellation.

On November 6, 1987, respondent prepared a notice of non-payment and filed it with the Registrar of Titles. When appellant refused to vacate the premises, respondent filed a complaint in unlawful detainer.

The trial court, sitting without a jury, found appellant had not properly tendered payment during the redemption period and ordered immediate issuance of a writ of restitution in favor of respondent.

## ISSUE

Did the trial court err in finding appellant had failed to make proper tender within the redemption period?

## ANALYSIS

■ Where a trial judge sits without a jury, the standard of review varies with the character of the evidence. *In Re Trust Known As Great Northern Iron Ore Properties*, 308 Minn. 221, 225–226, 243 N.W.2d 302, 305, *cert. den. sub. nom., Arms v. Watson*, 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976). Where the evidence is partly oral and the balance written, and the written evidence does not render the credibility of the oral testimony extremely doubtful, the appellate court should defer to the trial court's assessment of the evidence unless clearly erroneous. *Bloomington Electric Co. v. Freeman's, Inc.*, 394 N.W.2d 605, 607 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn.Dec. 17, 1986) (citing *Great Northern Iron Ore Properties*, 308 Minn. at 225–226, 243 N.W. 2d at 305).

■ Appellant argues the trial court erred in finding that proper tender of payment was not made within the redemption period. The trial court's conclusion was not clearly erroneous where appellant's November 4, 1987 letter contained a future conditional offer to pay, the checks were non-negotiable, and the tender was untimely.

Appellant argues that it tendered payment in its letter of November 4, 1987. The letter stated in part:

I am enclosing a copy of the certified checks in this particular matter and once we have had an opportunity to examine

the title, we would tender this check to you.

Tender conditioned upon delivery of a warranty deed and marketable title has been held proper to preclude cancellation of a contract for deed. *Hjelm v. Bergman,* 275 N.W.2d 568 (Minn.1978). Under the facts of *Hjelm,* the supreme court found these conditions were concurrent contractual obligations the vendor had to satisfy in order to receive final payment.

■ *Hjelm* is distinguishable from the present case. In *Hjelm,* the buyer never received an abstract of title or any legal description of the property before the closing date. Later, the buyer requested that a warranty deed and abstract of title be furnished. In the present case, the contract provided that *title be marketable on the date of the contract.* Further, appellant was furnished an abstract for examination on the date the contract was entered into. We are cited to no evidence suggesting title was unmarketable either on the date the contract was entered into or during the life of the contract. In addition, the property in this case was registered and appellant could have checked the marketability of title with the Registrar of Titles during the time for redemption. Here, respondent is under no concurrent obligation to prove marketable title. Neither the statute nor the contract require this.

In *Bell v. Olson,* 424 N.W.2d 829 (Minn. Ct.App.1988), performance was not tendered when the buyer's offer to pay was conditioned on the vendor first providing an abstract. The language of the contract in *Bell* required the vendor to provide a warranty deed and abstract of title only upon full performance by the purchaser. Here, the letter of tender of November 4, 1987 is conditional on the purchaser examining title. A warranty deed was to be provided upon performance by the purchaser. Under *Bell,* appellant's letter is not sufficient to tender performance.

Furthermore, appellant did not tender negotiable and unconditional checks within the redemption period. In *Hjelm,* the buyer deposited a negotiable cashier's check with the clerk of court within the redemption period. In this case appellant left photocopies of cashier's checks at the respondent's office building after the office had closed. Appellant did not deposit with the court the original checks, still payable to both parties, until the day after the redemption period expired.

■ Negotiability of the payment is a prerequisite to proper tender. *Valletta v. Recksiedler,* 355 N.W.2d 314 (Minn.Ct.App. 1984). Appellant furnished respondent with non-negotiable photocopies of the checks. The checks also were non-negotiable because they were made payable to both respondent and appellant and were conditioned upon examination of the abstract. *See id.* at 318.

■ Appellant's improper tender of payment cannot be cured by filing the checks with the court *after* the expiration of the redemption period. The cancellation statute is absolute and at the end of the prescribed time all rights of the parties under the contract cease. *Olson v. Northern Pacific Railroad Co.,* 126 Minn. 229, 232, 148 N.W. 67, 68–9 (1914); *International Realty and Securities Corp. v. Vanderpoel,* 127 Minn. 89, 92, 148 N.W. 895, 896 (1914).

The redemption period is fixed by the legislature and should not be enlarged by the court. The purpose of the statute is to provide purchasers with notice and an opportunity to cure a default. *Graceville State Bank v. Hofschild,* 166 Minn. 58, 62, 206 N.W. 948, 949 (1926). Appellant has had ample time to cure the default. There are no equities in this case to excuse the appellant's improper tender in order to save the contract.

## DECISION

AFFIRMED.