ALEXANDER BASSETT *vs.* MICHAEL FORTIN.

November 21, 1882.

**Municipal Court of Stillwater—Action Involving Title to Real Estate—Certifying to District Court.**—The municipal court of the city of Stillwater has not jurisdiction to try and determine any cause involving the title to real estate, but is required to certify causes to the district court "where it appears that the title to real estate is involved." In an action commenced in that court, under the statute relating to forcible entries and unlawful detainers, to recover the possession of land upon the ground that defendant was holding over after foreclosure of mortgage executed by him to the plaintiff, and the expiration of time for re-

demption, defendant put in issue the alleged foreclosure, and averred title in himself. Upon trial, and by evidence, the issue of title was controverted, and defendant sought to have the cause certified to the district court. This was refused, and the cause proceeded to judgment. *Held*, that the court had not jurisdiction to render the judgment, but should have certified the cause to the district court.

Appeal by defendant from a judgment of the municipal court of Stillwater.

*L. E. Thompson*, for appellant.

*Gregory & Lee*, for respondent.

DICKINSON, J. This action was commenced in the municipal court of the city of Stillwater, under Gen. St. 1878, c. 84, § 11, (relating to forcible entries and unlawful detainers,) to recover possession of real property in the possession of the defendant. The defendant had mortgaged the land to the plaintiff, and the ground of the proceeding and of the plaintiff's right to recover was an alleged holding over by the defendant after foreclosure (by advertisement) of such mortgage, and the expiration of the time for redemption. The answer put in issue the foreclosure, denying a publication and service, as prescribed by statute, of the notice of foreclosure sale, and averring title in the defendant. The cause came to trial, and evidence was offered and received on the part of plaintiff, showing the foreclosure proceedings. The defendant also testified in his own behalf as to the time when the notice of sale was served upon him. The defendant then moved that the cause be certified to the district court. This was refused, and judgment was rendered awarding possession to the plaintiff. Defendant appealed.

The municipal court of the city of Stillwater has not jurisdistion to try and determine a cause involving the title to real estate. Gen. St. 1878, c. 64, § 132. The statute creating this court provides: "Where it appears that the title to real estate is involved, the said court shall immediately cause an entry of the fact to be made of record, and cease all further proceedings in the cause, and certify and return to the district court of the county of Washington a transcript, * * * and thereupon the said district court shall proceed in the cause to final judgment and execution, according to law, the same as

if the said suit had been originally commenced in said court." The title to real estate was involved. The ground of plaintiff's action and of his right to recover was the extinguishment of defendant's title in fee by foreclosure of the mortgage, and the vesting of such title in the plaintiff. This alleged cause of action was put in issue by the answer, and upon the trial this issue was contested. The court had not authority to adjudicate respecting the title thus brought in question, and should have certified the cause to the district court. It does not affect the case that, upon the facts presented, and upon which both parties claim title, the legal conclusion, conceding defendant's evidence upon the fact of notice to be true, must be, as plaintiff claims, in favor of the plaintiff. Both parties claiming title, and the cause being of such a nature that the judgment, if valid, would be a conclusive determination of an issue of title between them, the court could not proceed to judgment, whether the question of law upon the facts was one of difficulty and of doubt, or entirely free from doubt.

The judgment of the municipal court is set aside, and the cause remanded to that court, with directions to certify the same to the district court, as provided by statute in cases where the title to real estate is involved.