## H. J. HAGE v. FRANKLIN BENNER.[1]

July 8, 1910.

Nos. 16,624—(182).

**Termination of land contract — sufficiency of notice.**

A notice for the termination of a contract for the sale of land, given under section 4442, R. L. 1905, where the default complained of consists in the failure of the vendee to pay an instalment of the purchase price of the land, need not specify the amount claimed to be due.

[1]Reported in 127 N. W. 3.

Service of notice.

> Notice of termination *held* properly served upon the person named in the contract as vendee, there being no evidence requiring a finding by the trial court that the defendant, not the vendee so named, was the real party in interest.

Action in the district court for Crow Wing county to determine adverse claims to vacant and unoccupied land. The substance of the answer is stated in the opinion. The case was tried before Wright, J., who found in favor of plaintiff and denied defendant's motion for a new trial. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Harlan P. Roberts,* for appellant.

*A. T. Larson* and *Francis H. De Groat,* for respondent.

BROWN, J.

Action to determine adverse claims to real property in which plaintiff had judgment, and defendant appealed.

The facts are as follows: On March 6, 1908, plaintiff, being the owner of the property, entered into a written contract for the sale and conveyance of the same to one Fred J. Scott. The contract was in the usual form of executory agreements of the kind, and fully expressed the conditions and terms of sale. The purchase price was $2,600. Two hundred and fifty dollars was paid at the time the contract was entered into, $250 was payable within thirty days, $1,100 within four months, and the balance, $1,000, within one year. The first deferred payment of $250 was made in accordance with the terms of the contract, but in respect to the second payment Scott defaulted, and, by reason thereof, plaintiff gave notice of the termination of the contract, as provided for by section 4442, R. L. 1905. The notice bears date February 1, 1909, and was served personally upon the vendee, Scott, on February 3, 1909. Scott assigned the contract to defendant by an instrument bearing date February 1, 1909, which was recorded March 13, 1909, but no notice of the same was given to plaintiff prior to the service of the notice of termination. Thereafter, on March 31, 1909, this action was brought to determine adverse claims. The complaint sets up title in plaintiff,

and an adverse claim by defendant which it alleges is without validity. The answer sets out the Scott contract, the assignment thereof to defendant, and asserts an equitable title, or interest, in the land thereunder. Plaintiff in reply alleges the termination of the contract by the notice given for that purpose. The court made general findings to the effect that the plaintiff was the owner of the property, and that defendant had no right, title, or interest therein. Judgment was entered accordingly.

Two questions are presented on this appeal: (1) Whether the notice of termination was sufficient in form and contained the necessary information concerning the default complained of; and (2) whether the notice was served upon the proper party.

1. The notice of termination, so far as here material, was as follows:

"To Fred J. Scott, Vendee:

"You will please take notice that default has occurred in the terms and conditions of that certain contract for the conveyance of the land hereinafter described, wherein H. J. Hage and Carrie Hage are vendors, and you, Fred J. Scott, is [sic] vendee, which contract is dated the 6th day of March, A. D. 1908. [Here follows a description of the property.]

"The default consists in this, that you have failed to make the payments of principal and interest to be made and paid under the terms of the said agreement and contract. You will therefore take further notice that the said contract and agreement will be cancelled and terminated * * * unless prior to the expiration of said thirty days you pay, and cause to be paid * * * all overdue payments of principal and interest * * * together with the costs and expenses of these proceedings."

Section 4442, R. L. 1905, under which the notice was given, provides, speaking generally, that, when default is made in the conditions of any contract for the conveyance of real property by reason of which the vendor may terminate the same, he may do so by serving upon the vendee a notice "specifying the conditions in which default has been made," and stating therein that the contract will terminate

thirty days after the service of the same, unless the conditions be performed.

The default in the case at bar under which the vendor gave notice of termination was the failure of the vendee to perform the conditions of the contract respecting the payment of the second instalment of the purchase price. The objection to the notice is that it does not specify the amount claimed to be due, and it is urged that because of this omission the notice was a nullity. In this we do not concur. The proceeding authorized by the statute is in legal effect a foreclosure of the vendee's equity of redemption. By his default the contract becomes subject to termination or cancelation at the instance of the vendor. This the vendor may not do arbitrarily, but only upon notice, giving the vendee time within which to remove the default, and thus protect his rights. The statutes require the notice to specify the conditions in which default has been made, and the question presented is whether a notice stating in general terms that default has been made in the payment of an instalment of the purchase price sufficiently complies with the spirit and purpose of the statute.

The statute being one authorizing the summary termination of the contract, and a divestiture of the equitable rights of the vendee, must be strictly complied with, and any material or substantial departure therefrom will render an attempt at cancelation ineffectual. The statute does not require a statement of the particulars in which the default consists, nor that the notice, where default in the payment exists, shall point out the precise amount due and unpaid, and we have no right to add this requirement by way of construction. It is not essential to the validity of the statute, and no particular benefit could accrue to the vendee from this specific information. He is presumed to know the terms of his contract, and, when by notice in writing he is informed of a default in the payments agreed to be made, all the information necessary to enable him to act is thereby communicated. He may then proceed and ascertain the amount and retain his rights by discharging his obligations.

The statutes for the foreclosure of mortgages by advertisement, though perhaps analogous, are entirely different. Those statutes ex-

pressly provide that the notice of foreclosure shall contain a statement of the amount claimed to be due at the date thereof, but under the authorities, in the absence of specific statutory command, a general statement of the default is sufficient. 27 Cyc. 1469; Jenkins v. Pierce, 98 Ill. 646; Da Silva v. Turner, 166 Mass. 407, 44 N. E. 532; Wiswall v. Ross, 4 Port (Ala.) 321. We apply that rule to this statute. It does not require the notice to state the amount due, and a general statement pointing out that default in payment is the condition complained of is sufficient.

2. The further contention of defendant that the notice was erroneously served upon Scott cannot be sustained. Scott was the vendee named in the contract, and plaintiff had the undoubted right to treat him as the real party in interest until informed to the contrary. While Scott assigned the contract to defendant prior to the notice of cancellation, it does not appear that plaintiff had either actual or constructive notice of the same. The assignment was not personally called to his attention, and it was not recorded until after the notice was served upon Scott. But it is claimed that plaintiff was sufficiently informed that defendant was in fact the vendee, though Scott was named as such in the contract.

There is evidence in the record tending to support this contention, though it is far from conclusive. The evidence tending in the other direction fully supports the conclusion of the trial court that Scott in fact bought the land. We need not review the evidence. It appears in the record and is sufficient for the purpose stated. And further, if it be conceded that defendant was the real party in interest, having caused his contract to be placed in the name of Scott, he thereby made him his agent and service upon him was effectual for all purposes.

Judgment affirmed.