## FIRST NATIONAL BANK, NORTHFIELD v. GALEN H. COON AND ANOTHER.[1]

### July 11, 1919.

### No. 21,318.

**Appeal and error — failure to except or assign error in trial court.**

1. The technical objection to the refusal of the court to strike the case from the calendar will not be considered where the record shows no exception to the ruling and no error assigned thereon in the motion for a new trial.

**Vendor and purchaser — notice of cancelation of sale contract sufficient.**

2. A notice to cancel a contract for the purchase of real estate, for failure to make the stipulated payments, examined and *held* sufficient as to form, signature and service, to comply with section 8081, G. S. 1913.

**Verdict sustained by evidence.**

3. The evidence supports the verdict to such an extent that this court is not warranted in setting it aside.

**Refusal to give requested instructions not error.**

. 4. No reversible error is found in the court's refusal to give requested instructions which are neither applicable nor accurate.

Action in ejectment in the district court for Rice county and to recover $30 per month, the value of the use and occupation of the premises from the date of the cancelation of a certain contract for a deed until the termination of the action. The facts are stated in the opinion. The case was tried before Childress, J., who when plaintiff rested denied defendants' motion to dismiss the action, and a jury which returned a verdict in favor of plaintiff for $240 and possession of the premises.

[1]Reported in 173 N. W. 431.

From an order denying their motion for a new trial, defendants appealed.   Affirmed.

*Ch. Jaudon Berryhill,* for appellants.

*R. D. Barrett,* for respondent.


HOLT, J.

The appeal is by defendants from an order denying a new trial after verdict against them, the action being in ejectment.

There was a former appeal wherein defendants prevailed. From the recitals in this record we take it the costs were taxed and judgment entered in this court; that the costs were paid, and, although remittitur issued prior to the service of notice of trial in the district court, it was not filed in that court at the time the notice was served, but was filed when the case came on for trial and defendants' motion to strike it from the calendar was made and denied. The refusal to strike is the first assignment of error. The record does not show any exception to the ruling, nor did the motion for a new trial invite a consideration of the point. We do not think it is here.

The property involved is a house and lot in the city of Northfield, Minnesota, conveyed to plaintiff in 1906 by George M. Coon, brother of defendant Galen H. Coon, the record title of which property has ever since appeared in plaintiff. The complaint alleged ownership in plaintiff on March 22, 1910, and that on said date it sold the same to defendant Galen H. Coon, taking from him a contract for deed under the terms of which he agreed to pay $2,025 for the property; that he paid only $50 of that sum at the time; that there was due and unpaid on said contract the sum of $2.389.40 on December 5, 1916, and that on December 11, 1916, plaintiff caused to be served a written notice of cancelation of the contract; that more than 30 days have expired since said service and no part of the sum due has been paid. The answer, aside from an admission of possession and of the service of the purported notice of cancelation, was in substance that the conveyance in 1906 of George M. Coon to plaintiff was a mortgage and not a deed. The trial court held the notice of cancelation sufficient in form and substance to terminate the contract, and the jury determined that the conveyance

from George M. Coon to plaintiff in 1906 vested the full and absolute title in plaintiff and was not a mortgage.

The objections to the notice of cancelation are:

(a) That it does not state the correct amount due and unpaid. The statute does not require the amount to be stated. Hage v. Benner, 111 Minn. 365, 127 N. W. 3.

Furthermore, the record does not show the amount to be incorrect. Defendants frankly admit it to be not far from right and as frankly admit that they do not know what the exact amount should be.

(b) The notice required payment of the amount in default within 30 days after service, in strict conformity with the provision of the statute on the subject (section 8081, G. S. 1913), but added this sentence: "Said cancelation and termination of said contract to take effect January 12th, 1917." This last date was 32 days after the service of the notice. It is claimed that this creates an ambiguity as to the last day for removing the default and vitiates the notice. We think not. At most it gives defendant two additional days of grace. On principle it does not tend to prejudice the vendee's rights any more than a similar inconsistency as to the last day to answer summons tends to prejudice the rights of a defendant, and it was held not to so result in Gould v. Johnston, 24 Minn. 188.

(c) The notice purported to be given in behalf of plaintiff and was signed "R. D. Barrett, Attorney for First National Bank, Northfield, Minnesota." Defendants claim that authority to the attorney must be in writing, for the notice is one effecting the transfer of real estate in case there is a failure to remove the default. The notice itself must undoubtedly be in writing for a copy thereof must be recorded. But there is no requirement that it be signed personally by the vendor or that the authority to the vendor's agent or attorney to give or sign the notice shall be in writing. Until the enactment of section 8119, G. S. 1913, it was not deemed necessary that the authority to an attorney to foreclose a mortgage by advertisement be in writing. In Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449, a notice of a mortgage foreclosure sale by advertisement was signed thus "Geo. H. Spry, Attorney for said Assignee." The opinion says: "That the notice was subscribed as it was, does not, we think affect its sufficiency."

(d) The contention that the notice is not specific enough as to the particular default is answered by Hage v. Benner, supra.

(e) There is no merit in the claim that the notice was not served by a proper person. Said section 8081 provides that the notice shall be served in the same manner as a summons in the district court. Such a summons may be served by the sheriff "or by any other person not a party to the action" (section 7730, G. S. 1913). The proof here shows service by a person not a party to the contract and is good service. Moreover the answer admits service of the purported notice at or about the time alleged in the complaint.

(f) The last objection to the notice urged on the appeal, but apparently not presented to the court below, is that the notice required the sum in default to be paid to plaintiff's attorney, at his office in Minneapolis, while under the contract the purchase price was payable at Northfield. Unquestionably, a payment or tender of the amount due to the bank at Northfield would have avoided a cancelation of the contract, notwithstanding the notice stated another place for the act. It is true, the notice could not change any of the terms of the contract, but the law, above cited, under which the notice is given, does not require it to designate a place for removing the default, and, while the attempt to designate another place than the one specified in the contract must be regarded as of no effect, it does not destroy the efficacy of the notice. The notice did convey in no uncertain way that the vendee in the contract was in default, and that a sum certain must be paid or the contract would be canceled under the provisions of the statute. Defendants had the option to pay to plaintiff at Northfield or to its attorney at Minneapolis. The defendants were not misled. The record discloses no effort to remove the default, and no claim that they either would or could pay any part of the purchase price long past due. The notice was in substantial conformity to said section 8081.

The next contention is that the evidence does not sustain the verdict that the deed from George M. Coon to plaintiff vested an unconditional and absolute fee title, and was not a mortgage. It appears that in March, 1899, George M. Coon gave a mortgage to plaintiff upon the property to secure a note for $1,375.60, and in December of the same year gave a second mortgage thereon to secure a note for $500. The

notes were not paid and other indebtedness from the mortgagor to the mortgagee accumulated, so that, it is claimed by plaintiff, a settlement was had in 1906 when there was an outright sale and purchase of the lot, evidenced by the deed mentioned, for $1,875, which sum was applied upon the indebtedness then existing, and notes given or adjustments made for the balance. Defendants contend that the transaction was but a renewal of the mortgage indebtedness, and with the understanding when the contract for deed was executed that Galen H. Coon assumed and agreed to pay this indebtedness. The transaction occurring prior to the enactment of section 8078, G. S. 1913, the court instructed the jury that "once a mortgage, always a mortgage," hence the presumption as between mortgagor and mortgagee was that the transfer was for additional security, and that the burden was upon plaintiff to satisfy them by a fair preponderance of the evidence that the warranty deed was intended to be a sale. If it was not proven to be an absolute sale, there could be no recovery, for a mortgagee out of possession cannot obtain possession without foreclosure. The evidence was such that the jury might have found either way on that issue. It will serve no useful purpose to attempt to set out the salient features for either side. Suffice it to say that an attentive reading satisfies us that the verdict has such support that we are not warranted in setting it aside.

No error can be predicated upon the refusal to give two requested instructions. The one purported to call the attention of the jury to a statute which appellants claim not to be applicable to the case and which nowhere in the charge was held applicable. The other was properly refused, because there was no real dispute that the notice of cancelation stated the amount due with substantial accuracy, and it is not true as a proposition of law that such notice is void, unless the amount due be truly and exactly stated. As before remarked, section 8081, G. S. 1913, does not require the amount to be stated in the notice.

We discover no substantial error in the rulings of the trial court.

Order affirmed.