ELSWORTH A. NEEDLES AND ANOTHER v. WILLIAM M. KEYS AND ANOTHER.[1]

July 15, 1921.

No. 22,365.

**Vendor and purchaser — statutory notice to cancel contract — payment of deferred instalments.**

The vendee made a default which, by the terms of the contract, authorized the vendor to declare the deferred instalments due immediately and to cancel the contract. After declaring the deferred instalments due immediately, the vendor instituted the statutory proceeding to cancel the contract. The vendee complied with the conditions in which he had made default within the statutory time, but did not pay the deferred instalments. *Held* that the payment of the deferred instalments could not be required in the statutory proceeding, and that the removal of the default which authorized its cancelation reinstated the contract.

Action in the district court for Ramsey county to construe a contract and to determine the rights of the parties under it and for other relief. The case was tried before Brill, J., who made findings and as conclusions of law found that the tender made to defendants on December 14, 1920, was sufficient to prevent the forfeiture of plaintiff's rights; the rights of plaintiffs under the contract were not terminated and defendants had not the right to the possession of the property in dispute. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Cowern & Jesmer* and *Stephen I. Schmitt,* for appellants.

*Douglas, Kennedy & Kennedy,* for respondents.

TAYLOR, C.

In January, 1918, defendants entered into a contract with the owner for the purchase of certain improved real estate in the city of St. Paul,

[1] Reported in 184 N. W. 33.

by the terms of which, in addition to the initial payment, defendants assumed and agreed to pay two mortgages on the property aggregating the sum of $10,000 and bearing interest at the rate of 6 per centum per annum payable semi-annually, and agreed to pay the taxes on the property before they became delinquent, and agreed to pay the owner the further sum of $11,000 in semi-annual instalments of $750 each. On November 20, 1919, defendants entered into a contract with plaintiffs, by which they sold and agreed to convey the property to plaintiffs, and by which plaintiffs, in addition to the initial payment, assumed and agreed to perform all of defendants' remaining obligations under their contract with the owner, and agreed to pay defendants the further sum of $6,000 in monthly instalments of $50 each, together with interest thereon at the rate of 6 per centum per annum. While this contract included a small strip of ground not included in the first contract, that fact is of no importance in this action.

The contract provided that, if plaintiffs failed to make any of the payments which they were required to make by the terms of the contract, then defendants at their election could declare "the whole of said payments" immediately due and payable, and that the contract should, at the option of defendants, "be forfeited, canceled and terminated" by giving to plaintiffs "thirty days written notice of such cancelation and termination, said notice to be in accordance with the statute in such case made and provided." On November 12, 1920, defendants served on plaintiffs a notice that plaintiffs were in default in failing to pay the instalment of $50 due defendants on October 20, 1920; in failing to pay interest on the mortgages at the time it fell due; in failing to pay the last half of the 1919 taxes before they became delinquent, and in failing to pay improvement assessments against the property, and stating that, on account of such defaults, defendants had elected to, and did, declare the entire balance of the purchase price going to them, amounting to the sum of $5,000 and interest thereon, immediately due and payable, and directing plaintiffs to pay the whole thereof at once to defendants or their attorneys. On November 15, 1920, defendants served on plaintiffs a notice specifying the conditions in which plaintiffs had made default, and stating that the contract would "termin-

ate within thirty days after the service of this notice," unless plaintiffs complied with the conditions of the contract prior thereto.

Within the 30 days, plaintiffs made all the payments required to be made by the contract other than those payable to defendants, and also tendered to defendants all past due instalments payable to them, together with interest thereon and the cost of serving the notice, but did not tender the principal sum of $5,000 which defendants had declared to be due. Defendants refused to accept the tender, for the reason that it did not include this principal sum of $5,000. The question presented is whether plaintiffs were required to pay this principal sum, being the amount of the deferred instalments, in order to relieve themselves from their default, it being conceded that they had complied with all other requirements within the prescribed time.

The statute provides:

"When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser * * * a notice specifying the conditions in which default has been made, and stating that such contract will terminate thirty days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service. Such notice must be given notwithstanding any provisions in the contract to the contrary * * * If within the time mentioned the person served complies with such conditions and pays the costs of service, the contract shall be thereby reinstated, but otherwise shall terminate." G. S. 1913, § 8081.

This statute takes away from the vendor the power to cancel the contract arbitrarily for the default of the vendee. It prescribes the only way in which the vendor may, by his own act, terminate the contract and thereby forfeit the rights of the vendee thereunder. The proceeding is in the nature of a strict foreclosure. While the statute must be given full effect, its provisions must be construed in the light of the legislative purpose to afford the vendee an opportunity to save and reinstate his equitable rights by removing the default, and, if the meaning be doubtful, that construction must be adopted which militates against a forfeiture. Hage v. Benner, 111 Minn. 365, 127 N. W. 3.

The statute provides that "when default is made in the conditions of any contract  *  *  *  whereby the vendor has a right to terminate the same," he may serve a notice specifying *the conditions in which default has been made,* and stating that the contract will terminate 30 days thereafter, unless prior thereto the vendee shall comply with *such conditions* and pay the costs of service. It further provides that if the vendee complies with *such conditions* within the prescribed time and pays the costs of service, "the contract shall thereby be reinstated." These provisions are to be strictly construed for the purpose of avoiding a forfeiture. It is clear therefrom that the vendee may reinstate the contract by performing only those conditions, the nonperformance of which gave the vendor the right to institute the proceeding.

The default which gave this right in the present case was the failure to make certain payments on the due dates fixed in the contract. Without this breach of the conditions of the contract, the vendor would have had no power to terminate it, and the statute gave the vendee the right to reinstate it by making these payments and reimbursing the vendor for the costs incurred. It is true that this same default gave the vendor power to declare the principal sum due, and he could doubtless have enforced his claim for such principal sum in a proper proceeding. He had the right to elect whether to proceed in court or under the statute. He elected to proceed under the statute for a strict foreclosure by his own act, and must, therefore, permit the vendee to cure his default on the terms and in the manner specified in the statute.

Conceding that the vendor had the right to declare the deferred instalments due and to enforce payment of them in a proper proceeding, we are unable to hold that in this proceeding he could make the payment of such deferred instalments one of the conditions with which the vendee must comply in order to reinstate the contract. We think the legislature did not intend to permit him, by his own act, to add to the conditions which the vendee must perform to cure his default and save his equitable rights. We think that the legislature intended that the contract should not be forfeited if, within the prescribed time, the vendee removed such defaults as were made grounds of forfeiture by the terms of the contract itself. And we hold that in proceedings under this statute, the vendor cannot, by exercising an option to declare de-

ferred instalments due immediately, require the vendee to pay such deferred instalments or forfeit his contract.

We agree with the trial court that the payments and tender made by the plaintiffs preserved and reinstated their rights under the contract, and the judgment appealed from is affirmed.