LOUIS W. HOLMES AND ANOTHER v. CALEB S. WOLFE.[1]

December 15, 1922.

No. 23,072.

**Unlawful detainer—complaint sufficient.**

1. A complaint in an unlawful detainer action based on a cancelation of the vendee's contract pursuant to section 8081, G. S. 1913, which alleges that an instalment falling due before the notice was given has not been paid, is sufficient as against a motion to dismiss for a failure to allege nonpayment after the notice was served.

**Notice of default signed by one joint tenant valid.**

2. The notice in the instant case which clearly specified the default and notified the vendee to pay the amount thereof to the two vendors, joint tenants of the property, is valid, even though signed by but one of the vendors.

Action in forcible entry and unlawful detainer in the municipal court of Minneapolis. The case was tried before Baldwin, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Bryan W. Place*, for appellant.

*C. E. Warner*, for respondent.

[1]Reported in 190 N. W. 980.

Holt, J.

Action in the municipal court of Minneapolis under the forcible entry and unlawful detainer statute for the possession of premises after the contract of purchase held by defendant had been terminated by proceedings prescribed in section 8081, G. S. 1913. Judgment for plaintiffs and defendant appeals.

Error is assigned on the ruling denying defendant's motion to dismiss the complaint on the ground that it does not allege that after the service of the notice to terminate the contract defendant neglected to pay the amount claimed to be due. The allegation is: "That defendant has not paid the instalment out of the purchase price * * * falling due on the 1st day of March, 1922, and amounting to one hundred fifty ($150.00) dollars." This allegation should be held sufficient against a motion to dismiss made at the trial.

The main attack upon the validity of the proceeding terminating defendant's contract is based on the fact that the notice of default served on defendant was not signed by Hilma R. Holmes, one of plaintiffs. The plaintiffs are husband and wife, and held the property they had agreed to convey to defendant as joint tenants and not as tenants in common. The notice served describes very clearly the contract, specifies the default, and notifies defendant "that unless on or before thirty days after the service of this notice upon you you pay the said Louis W. Holmes and Hilma R. Holmes, his wife, the amount of money with interest due under the terms of said contract as above stated * * * said contract will be canceled and terminated," etc. The statute referred to does not prescribe that the notice shall be signed by any one. First Nat. Bank of Northfield v. Coon, 143 Minn. 262, 173 N. W. 431. There can be no question but that the notice was authorized by the vendors in the contract. The vendee was notified of his default to pay the amount due to both vendors. The plaintiff Hilma recognizes the notice as hers by joining with her husband in this action based thereon. A notice initiating a proceeding to terminate the rights of a vendee under said section 8081, G. S. 1913, is not analogous to a bill in equity to foreclose a mortgage or to an action of replevin where all joint tenants or

joint owners of the mortgage or property must be made parties plaintiff.

Jurisdiction has been conferred upon the municipal courts in actions of this sort since the decision in Bassett v. Fortin, 30 Minn. 27, 14 N. W. 56.

The judgment is affirmed.