**Philip Mark BLY, et al., Appellants,**

**v.**

**James C. BUBLITZ, et al., Respondents,**

**Brian W. Gensmer, et al., Respondents,**

**Cragg & Bailly, Ltd., et al., Defendants.**

**No. C1–90–1661.**

Court of Appeals of Minnesota.

Dec. 24, 1990.

David K. Hackley, Minneapolis, for appellants.

Theodore R. Mellby, Montgomery, Thomas R. Kelley, Minneapolis, for respondents.

Considered and decided by KALITOWSKI, P.J., and NORTON and FLEMING,* JJ.

## OPINION

NORTON, Judge.

Appellants commenced this action to determine their rights under a real estate contract for deed and a related modification agreement. Appellants, respondents, James and Audrey Bublitz (Bublitzes), and respondents Brian and Georgianne Gensmer (Gensmers) filed motions for summary judgment. The trial court concluded that a provision in an agreement that appellants seek to enforce is void because it is contrary to Minn.Stat. § 559.21, subd. 4 (1986), and that even if the agreement was valid, appellants did not properly exercise the option granted them by the agreement.

## FACTS

On May 5, 1980, respondents Bublitzes sold approximately 30 acres of land to respondents Gensmers pursuant to a contract for deed. On June 26, 1984, appellants purchased approximately ten acres of the property from Gensmers by a second contract for deed. Also on June 26, 1984,

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

appellants, Bublitzes, and Gensmers entered into a "modification agreement."

The purpose of the modification agreement was to protect appellants from losing their interest in the property if Gensmers defaulted on the Bublitz/Gensmer contract. The modification agreement altered the schedule and timing of payments from Gensmers to Bublitzes, provided minimum payment requirements for the release of various subplots of the 30 acres, and, in paragraph 8, gave appellants a contingency option.

The subject of this appeal is paragraph 8 of the modification agreement. Paragraph 8 provides:

If [Bublitzes] shall serve a notice of cancellation upon [Gensmers] while [appellants] are not in default in performing any obligations to pay monies to [Gensmers] pursuant to any contract for deed to purchase Lot 4 and Outlot B, then, unless [Gensmers] shall reinstate within *fifteen (15) days* after service of such notice of cancellation upon either of them, [appellants] may pay the sum necessary to secure release of Lot 4 and Outlot B (directly to [Bublitzes].) Such payment by [appellants] shall constitute full performance of all of their obligations to [Gensmers] under any contract for deed, and shall entitle [appellants] to the immediate conveyance of said Lot 4 and Outlot B from [Bublitzes] and from [Gensmers].

(Emphasis added). The parties dispute the validity and meaning of this provision.

All payments required under both contracts for deed were made until 1989. On May 5, 1989, appellants made their annual payment to Gensmers. Gensmers, however, did not make the required payment to Bublitzes.

On August 7, 1989, Bublitzes served Gensmers with a notice of cancellation of the contract for deed. On August 16, 1989, appellants were served with a copy of the cancellation notice. The notice of cancellation gave Gensmers 90 days to reinstate the contract for deed.

Appellants' response to the cancellation notice was to attempt to exercise their rights under paragraph 8 of the modification agreement. Bublitzes' response to appellants listed four conditions to the furnishing of the requested warranty deed from Bublitzes to appellants. Appellants characterize the imposition of the four conditions as a refusal by Bublitzes to honor the modification agreement.

On September 21, 1989, Gensmers cured their default in the Bublitz/Gensmer contract for deed. In October 1989, appellants commenced this action to compel Bublitzes and Gensmers to specifically perform their obligations under paragraph 8 of the modification agreement. On July 16, 1990, the trial court entered a judgment dismissing appellants' complaint. The trial court concluded that paragraph 8 is void and unenforceable because it is in violation of Minn. Stat. § 559.21 and that even if paragraph 8 is valid, appellants did not properly exercise their option.

## ISSUES

1. Did the trial court err in determining that paragraph 8 of the modification agreement is void and unenforceable because it is contrary to Minn.Stat. § 559.21, subd. 4 (1986)?

2. Did the trial court err in determining that the "sum necessary" for appellants to tender to exercise their option under paragraph 8 includes principal and interest?

3. When do appellants' rights under paragraph 8 expire?

## ANALYSIS

### I.

Where the question on appeal is purely one of law, this court is not bound by the decision of a lower court. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.,* 260 N.W.2d 579, 582 (Minn. 1977).

Paragraph 8 of the modification agreement provides that if Gensmers fail to cure a default within 15 days after being served by Bublitzes with a notice of cancellation, appellants may obtain all interest in Lot 4 and Outlot B by paying the "sum

necessary" to Bublitzes. The trial court concluded that paragraph 8 is void and unenforceable because it is contrary to Minn.Stat. § 559.21, subd. 4 (1986).

Minn.Stat. § 559.21, subd. 4(a) (1986) provides in part:

The notice required by this section must be given *notwithstanding any provisions in the contract to the contrary,* except that earnest money contracts, purchase agreements, and exercised options that are subject to this section may, unless by their terms they provide for a longer termination period, be terminated on 30 days notice.

(Emphasis added). The two contracts for deed and the modification agreement at issue in this case were all executed after May 1, 1980 and before August 1, 1985. Therefore, the "notice" referred to in subdivision 4 that is applicable to all three contracts is defined in Minn.Stat. § 559.21, subd. 1d (1986), which provides:

If a default occurs in the conditions of a contract for the conveyance of real estate or an interest in real estate executed on or after May 1, 1980 and prior to August 1, 1985, *that gives the seller* a right to terminate it, *the seller may terminate* the contract by serving upon the purchaser or the purchaser's personal representatives or assigns, within or outside the state, a notice specifying the conditions in which default has been made. The notice must state that the contract will terminate 30 days after the service of the notice if the purchaser has paid less than ten percent of the purchase price, 60 days after service of the notice if the purchaser has paid ten percent or more of the purchase price but less than 25 percent, or *90 days* after service of the notice if the purchaser has paid 25 percent or more of the purchase price; *unless* prior to the termination date the purchaser:

[cures the default].

(Emphasis added). The trial court concluded that paragraph 8 of the modification agreement is in conflict with the statute because it gives appellants rights after

only 15 days instead of 90 as required by the statute.

Minn.Stat. § 559.21 applies when a *purchaser's* interest is being terminated by a *seller.* Minn.Stat. § 559.21, subd. 1d (1986) (if a contract gives the *seller* a right to terminate, the *seller* may terminate upon proper notice unless purchaser cures the default); *Conley v. Downing,* 321 N.W.2d 36, 39 (Minn.1982) ("[t]he purpose of the statutory cancellation procedure is to give vendees notice of an impending cancellation and a reasonable period of time to redeem their interest"); *Odegaard v. Moe,* 264 Minn. 324, 328, 119 N.W.2d 281, 284 (1962) (the purpose of the statute is to ameliorate the harsh result of forfeiture).

This case involves two contracts for deed. There has never been an attempt to cancel the second contract—the contract by which Gensmers sold Lot 4 and Outlot B to appellants. Appellants do not seek to cancel that contract. They merely seek to exercise an option granted to them by the modification agreement to complete their obligation under the contract by making a reduced payment ("the sum necessary") in the event Gensmers do not cure a default within 15 days of receiving a notice of cancellation of the first contract for deed— the contract between Bublitzes and Gensmers. Since the sellers (Gensmers) do not seek to cancel the interest of the buyer (appellants), the statute does not apply to this second contract for deed.

As to the first contract for deed—that between Bublitzes and Gensmers—Gensmers' notice of cancellation did seek a cancellation of a buyer's interest. The statute, therefore, is applicable and Gensmers are entitled to 90 days to cure the default. Gensmers' cure after 15 days and within 90 days, therefore, is effective.

In this case, there is no conflict in finding that Gensmers are allowed to cure after 15 days and also finding that paragraph 8 is valid and that appellants may purchase for the "sum necessary." Paragraph 8 is a valid option that grants appellants a right upon the happening of a specified condition. The Gensmers are option sellers and their option obligation is not prohibited by

a statute that is designed to protect buyers, not sellers. They will suffer a loss if paragraph 8 is valid, but they had the ability to prevent the condition precedent from occurring and chose not to do so. In addition to the land that Gensmers sold to appellants, there are four other lots covered by the contract between Bublitzes and Gensmers. As to that contract, the statute does apply, Gensmers cured the breach within 90 days, and, therefore, the contract continues to be valid. The only effect upon the Bublitz/Gensmer contract is to reduce the amount of collateral securing performance. Bublitzes and Gensmers agreed to this when they exercised the modification agreement.

Paragraph 8 does not shorten the statutorily mandated reinstatement period. It can be validly exercised by appellants after just 15 days without impairing Gensmers' right to redeem their contract with Bublitzes within 90 days.

## II.

 Appellants tendered $80,000 to Bublitzes to exercise their option under paragraph 8. The trial court concluded that this was insufficient to constitute an exercise of their option.

Paragraph 8 of the modification agreement provides that appellants may pay Bublitzes "the sum necessary to secure release of Lot 4 and Outlot B." Paragraph 6 provides that Lot 4 and Outlot B shall be released upon payment of $80,000 against principal. Both contracts for deed provide that payments shall be applied first to interest, then to principal. Since there was interest due when appellants tendered $80,000 to Bublitzes, the tender was insufficient.

## III.

As a general rule, what constitutes a reasonable time for the performance of contract obligations is a question of fact or mixed law and fact for determination by a jury. *William B. Tanner Co. v. Waseca-Owatonna Broadcasting*, 549 F.Supp. 411, 414 (D.Minn.1982) (citing *Henry v. Hutchins*, 146 Minn. 381, 386–87, 178 N.W. 807, 809 (1920)). "Yet the court may and should in a proper case determine the questions as a matter of law." *Henry*, 146 Minn. at 387, 178 N.W. at 809.

The parties agree that the modification agreement does not define when appellants' option expires. In this case, it is unnecessary to determine an expiration date. Gensmers are no longer in default to Bublitzes. The issue, therefore, is moot.

## DECISION
Affirmed in part and reversed in part.