*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2232**

Routson Investments, Inc.,
Respondent,

vs.

Andrews Properties, LLC, et al.,
Appellants.

**Filed July 21, 2014
Reversed and remanded
Klaphake, Judge***

Washington County District Court
File No. 82-CV-13-507

Mark W. Gehan, Mark H. Gehan, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, Minnesota (for respondent)

Kevin R. Coan, Jessica L. Nelson, Hinshaw & Culbertson LLP, Minneapolis, Minnesota (for appellants)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and

Klaphake, Judge.

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

In this debt-collection dispute, appellants challenge the district court's grant of summary judgment in favor of respondent. Because genuine issues of material fact exist, we reverse and remand.

## FACTS

Appellant Jay Andrews was the sole owner of appellant Andrews Properties LLC until it became inactive in 2009. Patricia Routson is the president and chief executive officer of respondent Routson Investments Inc. In March 2006, Routson Investments loaned Andrews Properties $370,000 (the Routson loan). Appellants agreed to pay Routson Investments $2,927.58 per month until March 8, 2007, when the remaining balance would be due.

In April 2006, the parties formed St. Croix Crossing LLC to purchase a property in Hudson, Wisconsin (the Perkins building), which Andrews and Patricia's son Dan Routson intended to use as a car dealership. In order to purchase the property, St. Croix Crossing borrowed $850,000 from Lake Elmo Bank, secured by Patricia Routson's home (the Lake Elmo loan). The parties later learned that the Hudson city council would not allow them to use the Perkins building as intended and decided to put it on the market. As of the commencement of this litigation, the Perkins building had not sold.

In March 2007, when the Routson loan came due, appellants continued to make monthly payments but did not pay the balance of the loan. In July 2008, Patricia Routson

allowed appellants to stop making monthly payments on the Routson loan until the Perkins building was sold.

Routson Investments commenced this litigation on January 8, 2013 and later moved for summary judgment. In October 2013, the district court granted summary judgment in favor of Routson. This appeal follows.

**D E C I S I O N**

On appeal from a grant of summary judgment, this court reviews whether the district court erred in its application of the law or if there are any genuine issues of material fact. *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). And we resolve any doubt as to whether issues of material fact exist in favor of the party against whom summary judgment was granted. *Id.*

Appellants argue that the parties orally modified the terms of the Routson loan so that it does not come due until the Perkins building is sold. They assert that summary judgment is inappropriate because genuine issues of material fact exist regarding (1) the nature and extent of the modification, and (2) whether the modification is supported by consideration.

A written contract can be modified or rescinded by oral agreement of the contracting parties, even when the contract provides that it cannot be modified except by a specified method. *Larson v. Hill's Heating & Refrigeration of Bemidji, Inc.*, 400 N.W.2d 777, 781 (Minn. App. 1987), *review denied* (Minn. Apr. 17, 1987). A party

3

asserting that there has been an enforceable oral modification of the terms of a written contract has the burden of proving the modification by clear and convincing evidence. *Bolander v. Bolander*, 703 N.W.2d 529, 541 (Minn. App. 2005), *review dismissed* (Minn. Nov. 15, 2005). Whether an oral modification occurred and, if so, identifying the terms of the resulting contract are issues that must be decided by the fact-finder. *Rios v. Jennie-O Turkey Store, Inc*., 793 N.W.2d 309, 315 (Minn. App. 2011), *review denied* (Minn. Mar. 29, 2011).

Appellants argue that the parties orally modified the terms of the Routson loan in July 2008 when Patricia Routson permitted appellants to suspend monthly payments until the Perkins building was sold, and that further modification of the contract terms occurred at meetings in December 2012 and September 2013. They allege that the Perkins building had not sold as of the commencement of this litigation; Routson Investments did not attempt to collect on the loan when the balance came due in March 2007; Patricia Routson did not ask Andrews to resume monthly payments until the fall of 2012; and a document written by Patricia Routson modified loan terms.

Although Routson Investments disputes Andrews' characterization of the meetings and the written document, summary judgment is not appropriate when there are genuine issues of material fact. *Dahlin*, 796 N.W.2d at 504. Viewing the evidence in the light most favorable to the nonmoving party, appellants provided clear and convincing evidence of an issue of fact: whether the contract terms were modified and, if so, what the current contract terms are. *See Thoe v. Rasmussen*, 322 N.W.2d 775, 777-78 (Minn. 1982) (concluding that testimony and "substantial documentary evidence" of reduced

payments, as well as respondent's failure to demand payment, established clear and convincing evidence that the parties agreed to a substituted method of payment).

Routson Investments argues that the July 2008 agreement was "temporary relief," not a modification, and relies on *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723 (Minn. 1985), to argue that there was no consideration to support the modification because appellants were already legally obligated to pay the costs of the Perkins building. But the record is not clear as to the legal obligations of the parties with respect to the Perkins building. As to the duration of the modification, both Andrews and Routson Investments agreed that the payments would resume when the Perkins building was sold; as of the commencement of this litigation, the building had not been sold. Even if it is unreasonable to conclude that the parties agreed to an indefinite suspension of payment, determination of what would be a reasonable time is a question of fact. *See Bly v. Bublitz,* 464 N.W.2d 531, 535 (Minn. App. 1990) ("As a general rule, what constitutes a reasonable time for the performance of contract obligations is a question of fact or mixed law and fact for determination by a jury.").

**Reversed and remanded.**

5